974

In re MANSON.

Patent Appeals No. 4045.

Court of Customs and Patent Appeals.

Dec. 5, 1938.

Eugene E. Stevens, of Washington, D. C. (Aaron R. Townshend, Jr., of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner rejecting, for lack of patentability over the cited prior art, claims 30, 31, and 32 of appellant's application for a patent, and we are also asked to review the refusal of the examiner, affirmed by the Board of Appeals, to enter proposed claims 33, 34, and 35. No claims were allowed. All of the claims are for an article of manufacture.

Claim 30 is illustrative and reads as follows: "30. As a new article of manufacture, a cop in the form of a substantially rigid hollow shell having thin walls of firmly, compacted pulp fibres resistant to substantial pressure."

The cited references are: Murphy, 1,-037,295, September 3, 1912; Tiffany, 1,-367,639, February 8, 1921.

There is also included in the record a patent to Gess, No. 986,379, March 7, 1911. This patent was not relied upon by the Patent Office tribunals, but is referred to in the patent to Tiffany and is a part of the prior art.

The alleged invention, as indicated by the above quoted claim, consists of a core, used in the textile industry and known as a cop, having thin walls, with an integral top, uniformly composed throughout of firmly compacted pulp fibres resistant to substantial pressure.

The patent to Murphy relates to a yarn cone or cop. After describing the drawings the patent states: "As thus illustrated, my invention comprises a paper yarn cone A of pronounced conical formation, having a base or lower edge *a*, and a crown or tip *a'* at the upper end thereof. The said cone can be made of any suitable material, and as illustrated is made of several layers of paper or *similar fibrous material* pressed together to form stiff sides for the cone, whereby the latter will be of suitable strength and adapted to support the yarn in the usual and well known manner. * * *" (Italics ours.)

Figure 3 of the patent drawings shows that the tapered end of the cone is inturned.

The patent to Tiffany also relates to a winding and shipping cone and discloses a cone which has a cap. The patent stated: "* * * The cap-like member may be molded into shape and may thereafter be

applied to the desired cone, or within the scope and purpose of my invention the paper or other material in an unmolded form may be applied to the cone and formed or shaped on the cone."

The Board of Appeals in its decision stated:

"Appellant claims as a new article of manufacture a cop formed of a rigid hollow shell with thin walls of firmly compacted pulp fibres. The patents to Tiffany and Murphy both show cops probably made of paper rolled in layers or coils but Tiffany suggests the use of a cap molded to shape. Murphy states the layers of paper or 'similar fibrous material' should be pressed together to form stiff sides of the cone. Obviously the paper is formed of compacted fibers.

"We do not consider the claims on appeal differentiate from the prior art, at least in any material respect. As a matter of fact, they do not state that the side walls and top are molded to shape but even if they did, it is such common practice to mold similar articles of fibrous material that such construction would be, in our opinion, lacking in patentable merit.

"Whether the prior art shows thin walls or not raises a question of degree and has no patentable significance. Murphy shows the top inwardly depressed forming a reinforced end of the shell."

We can add little to this statement of the board. The patent to Murphy states that his core "can be made of any suitable material, and as illustrated is made of several layers of paper or similar fibrous material pressed together to form stiff sides for the cone, * * *." Paper is ordinarily made of pulp fibre, and we think the term "similar fibrous material", as used by Murphy, would include pulp fibre. Appellant contends that, even if the Murphy disclosure is broad enough to include pulp fibre, he does not show that it is firmly compacted in the cone, nor does the patent to Tiffany show it. However it seems to us that the disclosure of Murphy that the material used is "pressed together to form stiff sides" must necessarily result in the fibre becoming "firmly compacted."

We are clearly of the opinion that the claims before us define nothing inventive over the references. Appellant further contends that his cop is molded, while the cops shown in the prior art are formed by winding the paper or other material used in their manufacture. Suffice it to say

upon this point that the involved claims are not limited to molded cops, and we express no opinion as to whether, if such limitation had been made in the claims, they would be allowable.

There is found in the record an affidavit of one Clements stating that the cop cones produced by appellant are a commercial success. In view of the fact that we are clearly of the opinion that the claims are not allowable, this affidavit may not be resorted to in aid of patentability, but we do call attention to the fact that the affidavit seems to place the commercial success of appellant's product upon the fact that it is molded, which fact, as hereinbefore stated, is not here involved.

Appellant assigns error by the Board of Appeals in failing and refusing to give due consideration to the patent to Gess.

Appellant's counsel in his brief does not discuss this reason of appeal, but it is clear that if the claims lack patentability over the patents to Murphy and Tiffany, as we hold they do, appellant could not have been prejudiced by any failure upon the part of the Patent Office tribunals to consider the patent to Gess.

Appellant also assigns error by the Board of Appeals in failing to consider his proposed claims 33, 34, and 35. These amendments were proposed after appellant had taken his appeal to the Board of Appeals. The board remanded the case to the Primary Examiner to make such disposition of the proposal as he deemed proper. The examiner declined to enter the proposed claims; he stated:

"The examiner declines to enter this amendment since the claims are presented without any statement whatever as to what significance the differences in said claims over the finally rejected claims have. It is noted that these claims introduce the statement that the layer is 'single'. Proposed claim 33 calls the layer a 'single, thin, integral layer'. The difference over the finally rejected claim resides in the words 'single' and 'integral'. If these claims are no different from the rejected claims there seems no reason for their entry. Insofar as they differ the attorney has not pointed out what their significance is.

"It is also noted that this case has received many actions and abundant opportunity was offered for presenting the claims in the manner desired and no reason for further amendment is apparent."

Appellant did not petition the commissioner to direct the examiner to enter these proposed claims, as he might have done under rules 68 and 142 of the rules of the Patent Office. Under these circumstances the Board of Appeals properly declined to consider the proposed claims. In re Merriman, 22 C.C.P.A., Patents, 923, 74 F.2d 944.

That appellant has improved the art of the manufacture of cops we do not doubt, and there may be invention in such improvement; but if so, it is not embraced in the claims before us.

We conclude that the action of the Board of Appeals was right and its decision is affirmed.

Affirmed.